**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MAAMEAMBA ARTHUR-PRICE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 21 C 3475** |
| | ) | |
| **ANTONY BLINKEN, United States** | ) | |
| **Secretary of State, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

Maameamba Arthur-Price claims that she was born in the United States and thus is an American citizen. In 2017, she applied for a U.S. passport, but the State Department denied her application, stating that there was insufficient evidence to establish her entitlement to a passport. She now sues to challenge that decision and contends that the State Department's denial was unlawful. For the reasons below, the Court dismisses three of Arthur-Price's claims but declines to dismiss her primary claim.

**Background**

For the purposes of this motion, the Court takes as true the well-pleaded factual allegations in Arthur-Price's complaint.

Arthur-Price was born at home in California in January 1980. Her mother did not apply for a birth certificate. Because her mother had overstayed her period of admission in the United States, in May 1981, she traveled to Ghana, bringing Arthur-Price, to obtain a valid visa. During this return trip to Ghana, Arthur-Price received

Ghanaian citizenship.  Just over a year later in September 1982, Arthur-Price's mother and father returned to the United States with visas and brought her with them.  Because of Arthur-Price's young age, she was included on the visa in her mother's passport.

Arthur-Price grew up in the United States with the understanding that she is a native-born American citizen.  She did not know that her parents never obtained a U.S. birth certificate for her or that she was, effectively, brought back to the United States as a citizen of Ghana.  She first learned of these details in 2002 when she prepared to join the U.S. military and needed her birth certificate.  Upon learning that she lacked one, she applied for and received a delayed registration of birth from the state of California. To support this application, she provided her 1980 U.S. baptismal certificate and her U.S. high school records.  California issued her a delayed registration of birth in June 2002.

Arthur-Price has since applied for a U.S. passport on four occasions.  The first two applications were abandoned or filed without further action.  Arthur-Price filed her third application in 2013.  Her supporting documents in that application included her delayed birth certificate, her Illinois driver's license, her immunization records, and her marriage certificate.  The State Department denied her application in 2014.  Arthur-Price filed a fourth application in 2017.  This time she provided more than a dozen supporting documents, including evidence of her baptism in the United States, affidavits from family friends, and records from her parents.  The State Department denied this application in 2018 on the basis that the evidence was insufficient to establish Arthur-Price's entitlement to a U.S. passport.

Arthur-Price has now sued based on the 2018 administrative denial.  She asserts

claims under the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), the First Amendment to the U.S. Constitution, and the Fifth Amendment. The government has moved to dismiss Arthur-Price's claims for lack of subject matter jurisdiction and failure to state a claim.

## Discussion

"To survive a motion to dismiss the complaint must 'state a claim for relief that is plausible on its face.'" *Doe v. Columbia Coll. Chi.*, 933 F.3d 849, 854 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When deciding a motion to dismiss, the court must view the complaint "in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The Court may also consider documents attached to a motion to dismiss if they are referenced in the complaint and are central to the plaintiff's claim. *Lax v. Mayorkas*, 20 F.4th 1178, 1181 n.1 (7th Cir. 2021).

### A.    INA claim

Arthur-Price's first claim is based upon 8 U.S.C. § 1503(a). This provision of the INA states, in full:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an

action under the provisions of section 2201 of title 28 against the head of
such department or independent agency for a judgment declaring him to
be a national of the United States, except that no such action may be
instituted in any case if the issue of such person's status as a national of
the United States (1) arose by reason of, or in connection with any
removal proceeding under the provisions of this chapter or any other act,
or (2) is in issue in any such removal proceeding. An action under this
subsection may be instituted only within five years after the final
administrative denial of such right or privilege and shall be filed in the
district court of the United States for the district in which such person
resides or claims a residence, and jurisdiction over such officials in such
cases is conferred upon those courts.

8 U.S.C. § 1503(a). Arthur-Price alleges that the State Department's 2018 decision to

deny her a U.S. passport denied her "a right or privilege as a national of the United

States" within the meaning of section 1503(a). The government argues that Arthur-

Price's claim should be dismissed because it is untimely. In the government's view,

section 1503(a)'s five-year clock started running after the State Department denied her

passport application in 2014 and did not reset after the State Department denied her

subsequent application in 2018.

The government's position, it appears, is "one and done." Specifically, the

government appears to contend that if an individual's passport application is denied, she

can appeal that denial within five years, but if she applies again later, with additional

evidence, she cannot appeal a second denial if it's more than five years from the first

denial. The cases the government cites do not support this view of the law. The factual

backgrounds of some of cases the government cites detail situations where the later

administrative denial was premised on the same evidence as the earlier denial. *See,

e.g.*, *Heuer v. U.S. Sec'y of State*, 20 F.3d 424 (11th Cir. 1994); *Icaza v. Shultz*, 656 F.

Supp. 819 (D.D.C. 1987). Other cases that the government cites are entirely

inapposite. *See, e.g.*, *Vazquez v. Blinken*, No. 21-40062, 2021 WL 5985059, at *2 (5th

4

Cir. Dec. 16, 2021) (plaintiff abandoned INA claim); *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010) (explaining it was "unclear when, if at all, a final administrative determination in this case was rendered").

Arthur-Price's case does not involve a situation where she submitted a second application with the same, or virtually the same, evidence as her previously denied application and now relies on that to, effectively, extend the statute of limitations. The evidence in Arthur-Price's 2017 application differed materially from that in her 2013 application. Specifically, she included far more evidence. For example, the 2017 application included numerous new documents from her parents, such as her mother's Ghanian passport and her father's transcript from Patten University, the Oakland, California school he attended from 1980 to 1982. This subsequent application also included several documents substantiating Arthur-Price's baptism in the United States. Accordingly, the State Department's final administrative denial resulting from the 2017 application was based on a record that was materially different from the record that was before the agency at the time of the final administrative denial resulting from the 2013 application.

It is also worth noting that when the State Department denied Arthur-Price's 2013 application, it invited her to file a new application if she had more evidence. Specifically, it stated: "We will consider any evidence you may provide in the future. However, you will need to file a new application, submit all evidence and pay the appropriate fees." Memo. in Supp. of Defs.' Mot. to Dismiss, Ex. B (dkt. no. 14-2). Arthur-Price did exactly what the State Department proposed: she filed a new application, paid the fee, *and included new evidence*. Nothing in the Department's notification suggested that if she

5

followed this invitation, she would be stuck with the Department's decision and would not be able to challenge it in court because any time limits ran from the earlier denial.

Though not cited by either party, the only pertinent Seventh Circuit case that the Court has found is *Bensky v. Powell*, 391 F.3d 894 (7th Cir. 2004). In *Bensky*, the plaintiff appealed the issuance of a certificate of loss of nationality with the State Department's Board of Appellate Review, and his appeal was denied. Then thirteen years later, the State Department denied his application for a passport. He filed suit and alleged a claim under the same INA provision as at issue in Arthur-Price's case. The court held that his clam was time-barred because the operative administrative denial was the earlier appeal denial. But notably, unlike Arthur-Price's case, both administrative denials were premised on the same evidence: the certificate of loss of nationality. *See id.* at 894–95, 898.

In sum, neither the law nor the record supports the government's position. The Court concludes—particularly due to Arthur-Price's submission of additional evidence—that the five-year limitations clock reset when the government denied her new application. Arthur-Price's claim is timely.

However, the Court leaves this claim intact only against the State Department, as Arthur-Price has not responded to the defendants' argument that she cannot bring this claim against the U.S. Citizenship and Immigration Services. Additionally, because 8 U.S.C. § 1503(a) incorporates 28 U.S.C. § 2201 as the procedural vehicle for a claim for relief, the Court reads count three of Arthur-Price's complaint as encompassing the same cause of action as the INA claim (count one) and therefore dismisses count three as a separate claim because it is duplicative of count one.

B.      **APA claim**

The APA only permits judicial review of "final agency action for which there is no other adequate remedy in a court."  5 U.S.C. § 704.  Because the INA provision just discussed allows a party to obtain judicial review of the denial of a right or privilege of a U.S. national, Arthur-Price has an adequate remedy in court aside from the APA.  "[T]he APA cannot be used to sidestep the highly specific limitations on judicial review enacted in the INA."  *Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020).  The Court concludes that Arthur-Price cannot maintain her APA claim.

C.      **Constitutional claims**

1.      **First Amendment claim**

Arthur-Price premises her First Amendment claim on the contention that the denial of her passport imposes an unconstitutional burden on her right to travel and associate with others abroad.  This is not a viable basis for a First Amendment claim.  "[I]nternational travel is no more than an aspect of liberty that is subject to reasonable government regulation within the bounds of due process, whereas interstate travel is a fundamental right subject to a more exacting standard."  *Hutchins v. District of Columbia*, 188 F.3d 531, 537 (D.C. Cir. 1999).  Arthur-Price concedes that she has no authority that would sustain a First Amendment claim in this context.  *See* Pl.'s Memo. in Opp. To Defs.' Mot. to Dismiss at 11 (dkt. no. 19) ("[R]esearch has not produced a passport-denial decision rooted in the First Amendment's rights to free association . . . .").

The Court concludes that Arthur-Price has failed to state claim under the First Amendment.

### 2. Fifth Amendment claim

Arthur-Price claims that the defendants violated her due process rights by impairing her right to travel.  Neither her complaint nor her briefs, however, specify whether she asserts a substantive due process claim or a procedural due process claim.  Regardless, she has failed to a state a claim under the Fifth Amendment

The requirements for stating a substantive due process claim are "vague," but a plaintiff "must allege that the government violated a fundamental right or liberty." *Campos v. Cook County*, 932 F.3d 972, 975 (7th Cir. 2019).  Arthur-Price has not cited any caselaw supporting the proposition that substantive due process encompasses a right to international travel, and the Court does not see this case as a basis to so conclude. *See id*. ("[C]ourts should be 'reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered [sic] area are scarce and open-ended.'" (citing *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992))).

A procedural due process claim requires the plaintiff to show that she was deprived of a liberty or property interest that warrants due process protection and that the deprivation occurred without constitutionally sufficient procedures. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).  Arthur-Price has not alleged facts supporting a contention that she was not accorded constitutionally sufficient procedures.  The State Department afforded her significant process in processing her passport applications, as illustrated by the Department's requests for additional information and each denial letter.

The Court concludes that Arthur-Price has failed to state claim under the Fifth Amendment.

**Conclusion**

For the foregoing reasons, the Court dismisses counts 2, 3, and 4 of the plaintiff's complaint but denies the defendants' motion to dismiss [dkt. no. 13] with respect to count 1, the plaintiff's claim under the INA. The Court sets the case for a telephonic status hearing on April 12, 2022, at 8:15 a.m., using call-in number 888-684-8852, access code 746-1053. The parties are directed to confer regarding a schedule for further proceedings and are to file a joint status report on April 8, 2022, with a proposed schedule or alternative proposed schedules if they cannot agree.

_____
MATTHEW F. KENNELLY
United States District Judge

Date:  April 4, 2022